

**ORIGINAL**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
OCT 8 2013
U.S. COURT OF
FEDERAL CLAIMS

CILICIA A. DeMONS, ELOUISE CHEEKS, LAURA FOREMAN, GLADYS M. FOWLER, JENNIE V. HARRIS, COLLEEN A. REILLY, WENDALE TUBBS, et al., on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

THE UNITED STATES,

    Defendant.

No.

**CLASS ACTION COMPLAINT FOR MONEY DAMAGES**

**13-779 C**

The named plaintiffs[1], on behalf of themselves and all others similarly situated, allege as follow:

### I. INTRODUCTION

1.  This action deals with Saturday "premium pay" that the Department of Veterans Affairs (the "VA"), fails to include in the payments for authorized and accrued annual leave, sick leave and other paid leave of certain health care workers ("HCW") who were not included in the certified class in *Quimby et al. v. United States*, No. 02-101C. **On June 30, 2011 in *Lisa Adams, et al. v. United States*, No. 10-60C, these health care workers were named plaintiffs, and members of the certified class, which Judge**

---

[1] A list of each Plaintiff's name, home address, and the last four numbers of his or her redacted social security number is attached as Plaintiffs' Exhibit 1.

Braden determined were entitled to Partial Summary Judgment As To Liability with respect to precisely the same claims brought in the case at bar. The determination of Partial Summary Judgment As To Liability in *Adams* covered the period from January 11, 2004 to and including June 30, 2012. However, beginning July 1, 2012 and continuing thereafter, Defendant has failed again to include SATURDAY PREMIUM PAY in the pay for authorized and accrued annual leave, sick leave and other paid leave, of health care workers who used such authorized paid leave instead of performing "a tour of duty" on Saturdays. Such health care workers were members of the certified class in *Adams, including each of the named Plaintiffs*. Specifically, this action seeks the recovery of back pay and interest on behalf of the class of present and former employees of the VA who regularly and customarily received Saturday premium pay in the form of "additional pay" pursuant to section 7454(b)(3) since July 1, 2012.

2.  Plaintiffs, and all others similarly situated HCW, are or were General Schedule ("GS") employees entitled to "pay" for authorized and accrued leave under the "leave with pay" statutes of Title 5 of the United States Code equal to the "pay" they would have received had they worked their regular and customary scheduled hours until their authorized leave expired.

3.  Since July 1, 2012, Plaintiffs, and members of the class, have been customarily and regularly scheduled to

work on tours of duty part of which included hours of work between midnight Friday to midnight Saturday.

4.  When Plaintiffs, and members of the class, used authorized and accrued leave on Saturdays which were part of their regular tour of duty since July 1, 2012, the "pay" they were paid for such leave did not include an amount equal to the "additional pay" they would have customarily and regularly received while working their regular tour of duty on such Saturdays.

5.  Plaintiffs, and members of the class, claim back pay as well as interest on such back pay pursuant to the provisions of 5 U.S.C. § 5596(b), reasonable attorneys' fees and costs.

## II. JURISDICTION AND VENUE

6.  Jurisdiction over this action is conferred by 28 U.S.C. §§ 1346(a)(2)(Tucker Act) and 2501, 5 U.S.C. § 5596 (the Back Pay Act), 38 U.S.C. §7454(b)(3), and Chapter 63 of Title 5, U.S.C. (leave with pay statutes).

## III. FACTUAL ALLEGATIONS

7.  The "leave with pay" statutes constitute those provided for by 5 U.S.C. Chapter 63.

8.  The VA has promulgated policies and guidelines in VA HANDBOOK 5007/11, Part V, Appendix A, May 24, 2004, to be used in administering the provisions of law authorized by Section 303(a) of Public Law 108-170 and the Caregivers Act of 2010, Pub. L. No. 111-163, §601(k)(1), 124 Stat. 1130, 1172 (codified at 38 U.S.C. § 7454(b)(3)).

9. Plaintiffs, and members of the class, were or are employed by the VA as HCW since July 1, 2012.

10. The VA is obligated under law to pay 25% premium pay to HCW for work regularly and customarily performed on shifts which include Saturday hours from midnight Friday to midnight Saturday (on shifts that did not include Sunday hours).

11. Plaintiffs and other HCW who are members of the class and occupy or occupied the job classifications identified in paragraph 15, *supra*, are covered by the "leave with pay" provisions of 5 U.S.C. Chapter 63.

12. Plaintiffs, and members of the class, earned and accumulated annual leave and sick leave during the course of their employment by the VHA.

13. 5 U.S.C. Chapter 63, § 6303(a) provides that an employee who is subject to its provisions "is entitled to annual leave with pay" which accrues according to a certain formula; 5 U.S.C. Chapter 63, § 6307(a) provides for "sick leave with pay"; § 6322(a) provides for jury duty "leave without loss of, or reduction in, pay"; § 6323(a)(1) provides for military training leave "without loss in pay"; § 6326(a) provides for funeral "leave without loss of, or reduction in, pay"; and § 6327(a) provides for "leave without loss of or reduction in pay" for time necessary to serve as a bone-marrow or organ donor.

14. Plaintiffs, and members of the class, customarily and regularly received premium pay of 25% pursuant to 38

4

U.S.C. § 7454(b)(3)for working on shifts which included Saturday hours between 12 midnight on Fridays to 12 midnight on Saturday(on shifts that did not include Sunday hours)since July 1, 2012.

15. Plaintiffs, and members of the class, are or were GS employees employed by the VHA within the applicable six-year limitations period as one of the occupations listed: (1) Series 0060 Chaplain; Series 0101 Social Science; Series 0102 Social Science Aid and Technician; Series 0181 Psychology Aid and Technician; Series 0184 Sociology; 0186 Social Services Aid and Assistant; Series 0187 Social Services; Series 0188, Recreation Specialist; Series 0189, Recreation Aid and Assistant; Series 0334, Computer Specialist(DHCP Operations Only); Series 0401, General Biological Science; Series 0403, Microbiology; Series 0404, Biological Science Technician; Series 0405, Pharmacology; Series 0413, Physiology; Series 0415,Toxicology; Series 0601, General Health Science (except EFDA's, Nuclear Medicine Technologists, Blind Rehabilitation Specialists and Registered Respiratory Therapists); Series 0621, Nursing Assistant; Series 0622, Medical Supply Aid and Technician; Series 0625, Autopsy Assistant; Series 0636, Rehabilitation Therapy Assistant; Series 0637, Manual Arts Therapist; Series 0638, Recreation/Creative Arts Therapist; Series 0639, Education Therapist; Series 0640, Health Aid and Technician; Series 0645, Medical Technician; Series 0646, Pathology Technician; Series 0664, Restoration

Technician; Series 0670, Health System Administration; Series 0671, Health System Specialist; Series 0673, Hospital Housekeeping Management; Series 0679, Medical Support Assistant; Series 0683, Dental Laboratory Aid and Technician; Series 0690, Industrial Hygienist; Series 0698, Environmental Health Aid and Technician; Series 0699, Student Nurse Technician (Title code 63 only); Series 0701, Veterinary Medical Science; Series 0704, Animal Health Technician; Series 1020, Medical Illustrator; Series 1060, Photographer (Medical); Series 1301, General Physical Science; Series 1306, Health Physics; Series 1310, Physics; Series 1311, Physical Science Technician; Series 1320, Chemistry; Series 1725, Public Health Educator; Series 1910, Quality Assurance; Series 2210, Computer Specialist (DHCP Operations only).

16. From time to time since July 1, 2012, Plaintiffs, and members of the class, took or used authorized and accrued "paid leave" on Saturdays during a scheduled tour of duty part of which was within the period commencing at Midnight Friday to Midnight Saturday (but which did not include any Sunday hours).

17. When Plaintiffs, and members of the class, took or used such accrued authorized "paid leave" on Saturdays since July 1, 2012, their customary and regular "pay" was reduced in amounts equal to the 25% premium pay to which they would have been paid had they remained at work during

the hours between midnight Friday to midnight Saturday instead of taking or using paid leave.

## IV. CLASS ACTION ALLEGATIONS

18. Employees covered by this class action are defined in 5 U.S.C. § 6301(2) as all civil service employees (as defined by 5 U.S.C. § 2105) employed by the VA excluding only "(V) a physician, dentist, or nurse in the Veterans Health Administration of the Department of Veterans Affairs."

19. **Class Description**: The "opt-out" plaintiff class consists of all persons who meet the following qualifications:

All General Schedule ("GS") employees as defined by section 2105 of Title 5 who were not included in the class certified in Curry v. United States, 81 Fed. Cl. 328 (2008), and were included in the Class certified in *Adams v. United States*, No. 10-60C, and were employed from July 1, 2012 or thereafter by the Department of Veterans Affairs ("VA") in the Veterans Health Administration ("VHA") as one of the following occupations: (1) Series 0060 Chaplain; Series 0101 Social Science; Series 0102 Social Science Aid and Technician; Series 0181 Psychology Aid and Technician; Series 0184 Sociology; 0186 Social Services Aid and Assistant; Series 0187 Social Services; Series 0188,

Recreation Specialist; Series 0189, Recreation Aid and Assistant; Series 0334, Computer Specialist(DHCP Operations Only); Series 0401, General Biological Science; Series 0403, Microbiology; Series 0404, Biological Science Technician; Series 0405, Pharmacology; Series 0413, Physiology; Series 0415,Toxicology; Series 0601, General Health Science (except EFDA's, Nuclear Medicine Technologists, Blind Rehabilitation Specialists and Registered Respiratory Therapists); Series 0621, Nursing Assistant; Series 0622, Medical Supply Aid and Technician; Series 0625, Autopsy Assistant; Series 0636, Rehabilitation Therapy Assistant; Series 0637, Manual Arts Therapist; Series 0638, Recreation/Creative Arts Therapist; Series 0639, Education Therapist; Series 0640, Health Aid and Technician; Series 0645, Medical Technician; Series 0646, Pathology Technician; Series 0664, Restoration Technician; Series 0670, Health System Administration; Series 0671, Health System Specialist; Series 0673, Hospital Housekeeping Management; Series 0679, Medical Support Assistant; Series 0683, Dental Laboratory Aid and Technician; Series 0690, Industrial Hygienist; Series 0698, Environmental Health Aid and Technician; Series 0699, Student Nurse Technician (Title code 63 only); Series 0701, Veterinary Medical Science; Series 0704, Animal Health

Technician; Series 1020, Medical Illustrator; Series 1060, Photographer (Medical); Series 1301, General Physical Science; Series 1306, Health Physics; Series 1310, Physics; Series 1311, Physical Science Technician; Series 1320, Chemistry; Series 1725, Public Health Educator; Series 1910, Quality Assurance; Series 2210, Computer Specialist (DHCP Operations only), and

(2) who regularly and customarily worked on a tour of duty any part of which was within the period beginning midnight Friday and ending midnight Saturday (which did not include any Sunday hours); and

(3)  who received premium pay of 25% or more pursuant to 38 U.S.C. §7454(b)(3)for each such hour of service between midnight Friday and midnight Saturday; and

(4)  whose "pay" since July 1, 2012 during periods of authorized paid leave pursuant to Chapter 63 of Title 5 for any part of such tour of duty from midnight Friday to midnight Saturday (which did not include any Sunday hours) was reduced in amounts equal to the Saturday premium pay pursuant to 38 U.S.C. § 7454(b)(3) to which such employees would have been paid had they performed their regular and customary work on Saturdays instead of using authorized paid leave.

## V. THIS ACTION IS PROPERLY MAINTAINED AS A CLASS ACTION UNDER RULE 23 OF THE RULES OF THE UNITED STATES COURT OF FEDERAL CLAIMS.

20. The class is so numerous that joinder of all members is impracticable as the pool of potential class members is in excess of 1,000 present and former employees.

21. There are common questions of law and fact affecting the members of the class. The overriding legal question in this case is whether the VA violated the "leave with pay" statutes of Title 5 since July 1, 2012 by its systemic policy and practice of failing to include remuneration for authorized paid leave taken on Saturdays (which did not include any Sunday hours) equal to the premium pay which the plaintiff class regularly and customarily was paid when they worked on Saturdays.

22. Plaintiffs' claims are typical of the claims of members of the class because the harm suffered by Plaintiffs and the other class members was caused by the same systemic policy of the VA since July 1, 2012 to fail to include remuneration for authorized paid leave taken on Saturdays equal to the premium pay, pursuant to 38 U.S.C. § 7454(b)(3), which the plaintiff class regularly and customarily was paid when they worked during shifts which included hours between midnight Friday and midnight Saturday.

23. Plaintiffs do not have interests antagonistic to, or in conflict with, members of the class.

24. Plaintiffs will fairly and adequately protect the interests of the class.

25. Plaintiffs have retained competent counsel experienced in class action litigation and in litigation involving federal pay statutes.

26. Certification of this case as a class action is appropriate because Defendant has acted or refused to act since July 1, 2012 on grounds generally applicable to the class by denying proper compensation to class members who have regularly and customarily worked Saturday hours and who have received 25% premium pay for working on shifts which included Saturday hours (which did not include any Sunday hours), but whose regular "pay" was reduced whenever they were charged with authorized paid leave for paid leave taken or used on Saturdays.

### VI. THE APPLICABLE LAW

27. The decisions of the United States Court of Appeals for the Federal Circuit in *Lanehart, et al. v. Horner, et al.*, 818 F.2d 1574 (Fed. Cir. 1987) and *Armitage, et al. v. United States*, 991 F.2d 746 (Fed. Cir. 1993) provide that the Saturday premium "pay" paid to VHA health case workers pursuant to 38 U.S.C. § 7454(b)(3) for working on regular and customary tours of duty which include Saturday hours must be considered as part of the employees' regular "pay" covered by the "leave with pay" statutes.

28. Those decisions establish that Defendant's practice of reducing the "pay" of the plaintiff class when they use authorized and accrued leave on Saturdays during their regular tour of duty by an amount equal to the customary and regular premium pay paid to them when they work on such Saturdays violate §§ 6303, 6307 and other paid leave provisions of Title 5.

### VII. FIRST CAUSE OF ACTION

### VIOLATION OF "LEAVE WITH PAY" STATUTES 5 U.S.C. §§ 6303, 6307, 6326, 6327 BY DEPARTMENT OF VETERANS AFFAIRS

29. Plaintiffs incorporate herein by reference the allegations of the Complaint set forth in paragraphs 1 through 29 above.

30. Since July 1, 2012, the VA has failed and refused to abide by or apply the rule of law proclaimed the Federal Circuit in *Lanehart* and *Armitage* with respect to the entitlement to regular and customary Saturday premium "pay" while on authorized and accrued leave of those employees of the plaintiff class identified in paragraph 20 who are paid such premium pay under Title 38 when they perform work on Saturdays.

31. Plaintiffs, and members of the plaintiff class employed by VA who are similarly situated, regularly and customarily worked on Saturdays since July 1, 2012 and received 25% premium pay for work performed on shifts which included Saturday hours between midnight Friday and midnight Saturday that did not include any Sunday hours.

32. From July 1, 2012 to the present time, when Plaintiffs, and members of the Plaintiff class, were charged with authorized paid leave under §§ 6303, 6307 and other paid leave provisions of Title 5 instead of performing regularly scheduled work on Saturdays between midnight Friday and midnight Saturday on shifts that did not include any Sunday hours, the VA did not pay Plaintiffs and members of the Plaintiff class the 25% premium pay for those Saturday hours and thereby reduced the customary and regular "pay" which Plaintiffs and members of the class should have received when using authorized and accrued leave in amounts equal to the pay they would have received for working such customary and regular Saturday hours of work.

33. As a result of the foregoing, there is due and owing under Title 5, United States Code to Plaintiffs, and members of the plaintiff class, payment equal to the amount of 25% Saturday premium pay ("additional pay") that they should have received from July 1, 2012 to the present time for those hours on Saturday (which did not include any Sunday hours) for which they were charged authorized paid leave on tours of duty which included Saturday hours, and interest thereon pursuant to 5 U.S.C. § 5596(b).

34. Plaintiffs are unable to determine the exact amounts hereof because the relevant records, books, and accounts are maintained by and are in the exclusive possession and control of Defendant.

WHEREFORE, Plaintiffs pray that this Court:

(a) Certify this action as an "opt-in" class action pursuant to Rule 23 of the Rules of the United States Court of Federal Claims; certify Plaintiffs as the class representatives; and approve the undersigned attorney as Class Counsel;

(b) Enter judgment against Defendant for back pay due Plaintiffs, and all other class members, for periods of paid leave from July 1, 2012 in an amount equal to the Saturday premium pay ("additional pay") pursuant to 38 U.S.C. § 7454(b)(3) which Defendant unlawfully withheld for those hours on Saturdays (which did not include any Sunday hours) for which the members of the class were charged authorized paid leave and for which they would have received such "additional pay" had they remained at work at their regular and customary work schedule;

(c) Award interest pursuant to 5 U.S.C. § 5596(b) on all above amounts;

(d) Award reasonable attorneys' fees and the costs and disbursements of this action to be paid by Defendant to Plaintiffs' counsel under the Back Pay Act; and

(e) Grant such other relief as may be just and proper.

Dated: October 7, 2013

(s) Ira M. Lechner
IRA M. LECHNER
Attorney for Plaintiffs
4530 Wisconsin Ave., Suite 250,
Washington, D.C. 20016
Phone: (858) 864-2258
FAX:   (858) 997-2691
Iralechner@yahoo.com

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CILICIA A. DeMONS et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No.<br><br><br>**PLAINTIFFS' EXHIBIT 1 TO CLASS ACTION COMPLAINT FOR MONEY DAMAGES** |

**Exhibit 1 to Plaintiffs' Complaint: a list of each Plaintiff's name, address, and redacted last four numbers of his or her social security number**

1. Cilicia DeMons
   1214 Tulip Street
   Hampton, VA 23663
   - 7689
2. Elouise Cheeks
   308 Roland Street
   Suffolk, VA 23434
   -3117
3. Laura Foreman
   5109 S. Links Circle
   Suffolk, VA 23435
   - 0210
4. Gladys Fowler
   958 16th Street
   Newport News, VA 23607
   - 9082
5. Jennie Harris
   869 Maury Street
   Memphis, TN 38107
   - 2497
6. Colleen Reilly
   1334 W. 25th Street
   Erie, PA 16502
   - 8247
7. Wendale Tubbs
   4116 River Breeze Circle
   Chesapeake, VA 23321
   - 9765