# In the United States Court of Federal Claims

Consolidated Nos. 13-779 C and 13-1024 C
Filed: April 27, 2017

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| | * | |
| CILICIA A. DEMONS, *et al.*, on behalf of themselves and all others similarly situated, | * * * | Rule of the United States Court of Federal Claims ("RCFC") 23(e) (Settlement, Voluntary Dismissal, or Compromise). |
| and | * * | |
| WALTER H. GARCIA, CRYSTAL McCOURT, on behalf of themselves and all others similarly situated, | * * * * | |
| Plaintiffs, | * | |
| v. | * * | |
| THE UNITED STATES, | * * | |
| Defendant. | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Ira M. Lechner**, Washington, D.C., Counsel for Plaintiffs.

**Hillary A. Stern**, United States Department of Justice, Washington, D.C., Counsel for the Government.

## FINAL MEMORANDUM OPINION AND ORDER AUTHORIZING PAYMENT OF PREMIUM PAY DUE TO CERTAIN VETERANS HEALTH CARE ADMINISTRATION EMPLOYEES

**BRADEN**, *Chief Judge.*

On March 8, 2017, Plaintiffs' Unopposed Motion For Settlement Final Approval was filed, pursuant to Rule 23(e) of the Rules of the United States Court of Federal Claims ("RCFC"). Dkt. No. 44.

On October 8, 2013, Plaintiffs filed an initial Class Action Complaint, alleging that, as of July 1, 2012, certain Veterans Health Care Administration ("VA") employees, and those similarly situated, were deprived of "regular and customary Saturday premium pay while on authorized and accrued leave [with pay]," to which they were entitled, pursuant to 38 U.S.C. § 7453 or § 7454. Dkt. No. 1.

On December 26, 2013, another group of Plaintiffs filed an initial Class Action Complaint alleging that, as of July 1, 2012, a different group of VA employees, and those similarly situated, were deprived of "regular and customary night and/or Saturday premium pay while on authorized and accrued leave [with pay]," to which they were entitled, pursuant to 38 U.S.C. § 7453 or § 7454.  Dkt. No. 6.

On December 15, 2014, the court issued a Memorandum Opinion And Order granting class certification.  *See DeMons v. United States*, 119 Fed. Cl. 345 (2014) ("*DeMons*").  On April 9, 2015, the court also issued a Memorandum Opinion And Order granting class certification.  *See Garcia v. United States*, No. 13-1024, 2015 U.S. Claims LEXIS 399 (2015) ("*Garcia*").

On February 19, 2016, the court granted a joint motion to consolidate both *DeMons* and *Garcia*.  Dkt. No. 26.  On May 20, 2016, the court re-certified an opt-in class in the consolidated case for two sub-classes and approved an amended Notice.  Dkt. No. 34.

Thereafter, settlement discussions took place.  On March 8, 2017, Plaintiffs filed an Unopposed Motion For Approval Of Class Action Settlement Agreement, pursuant to RFCF 23(e) (the "Settlement Agreement").  ECF No. 44.  The Settlement Agreement, attached hereto, requires the Government to pay $6,568,366.51, on a proportional divided basis, including to eligible opt-in Plaintiffs, as determined by the Class Action Administrator, but after payment of:  employee withholding taxes; employer taxes; fees and expenses incurred by the Class Action Administrator; and attorneys' fees and expenses.  On March 8, 2017, as amended on April 18, 2017, Plaintiffs filed an Unopposed Motion For Attorneys' Fees, Nontaxable Costs, And Expenses Of Administration From The Class Settlement Fund.  Dkt. Nos. 44, 47.  That motion requests approval for payment of: $240,074.87 to the Class Action Administrator, Epiq Systems, Inc., for fees and expenses; $1,711,877.07 for attorneys' fees; and $26,814.44 for expenses, incurred by Class Counsel.  Dkt. Nos. 44, 47.

On March 9, 2017, the court issued the proposed Notice Of Settlement and scheduled a Fairness Hearing.  Dkt. No. 45.  No objections were filed by the September 7, 2017 postmarking deadline.

On April 20, 2017, the court held a Fairness Hearing, pursuant to RCFC 23(e)(2).  *See Berkley v. United States*, 59 Fed. Cl. 675, 681 (2004) (holding that a settlement must be "fair, reasonable and adequate.").  At that hearing and thereafter, the court has considered the following factors, *i.e.*: (1) the relative strengths of Plaintiffs' case in comparison to the proposed settlement; (2) the recommendation of the counsel for the class regarding the proposed settlement, taking into account the adequacy of class counsels' representation of the class; (3) the reaction of the class members to the proposed settlement, taking into account the adequacy of notice to the class members of the settlement terms; (4) the fairness of the settlement to the entire class; and (5) the fairness of the provision for attorney fees.  *See Sabo v. United States*, 102 Fed. Cl. 619, 627 (2011); *see also Dauphin Island Property Owners Ass'n v. United States*, 90 Fed. Cl. 95, 102–03 (2009).

In considering these factors, the court has found that: (1) the Settlement Agreement will result in a gross payment to the qualified claimants of 100% of the amount of unpaid accrued and accumulated back pay, subject to employee withholding taxes, employer taxes, fees and expenses

incurred by the Class Action Administrator, and attorney fees and expenses incurred by Class Action Counsel; (2) the Settlement Agreement was reached after the VA provided the parties with the names of eligible recipients and estimated amounts due, and arm's-length negotiations between counsel; (3) no class members objected to the Settlement Agreement, after receiving notification of its terms; (4) individual recoveries will be calculated uniformly and proportionately distributed, by the Class Action Administrator; and (5) the contingency fee arrangement that Class Counsel negotiated with Plaintiffs and each member of the class who filed a timely claim, *i.e.*, receipt of 30% of the amount of the back pay and interest portion of the $6,568,366.51 Settlement Fund is a typical arrangement.

For these reasons, the court has determined that the Settlement Agreement is fair, reasonable, and adequate. Therefore, Plaintiffs' March 8, 2017 Unopposed Motion For Settlement Final Approval and Unopposed Motion For Attorneys' Fees, Nontaxable Costs, And Expenses Of Administration, as amended on April 18, 2017, are granted.

The clerk is authorized to enter judgment in accord with the Settlement Agreement.

**IT IS SO ORDERED.**

*s/ Susan G. Braden*
**SUSAN G. BRADEN**,
**Chief Judge**.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CILICIA A. DeMONS, et al.,<br>WALTER H. GARCIA, et al.,<br>on behalf of themselves and all others<br>similarly situated,<br><br>        Plaintiffs,<br>   v.<br><br>THE UNITED STATES,<br><br>        Defendant. | No. 13-779C<br>No. 13-1024C<br>Judge Susan G. Braden<br><br>SETTLEMENT AGREEMENT |

SETTLEMENT AGREEMENT

For the purpose of settling this action without any further judicial proceedings, and without there being any trial or adjudication of any issue of fact or law regarding this action, and without constituting an admission of liability upon the part of either party, the parties hereby stipulate as follows:

1. On October 8, 2013, plaintiffs in the *DeMons* case*,* Fed. Cl. No. 13-779, filed their initial "Class Action Complaint for Money Damages." The proposed class consists of civil service employees of the VA, excluding "physician[s], dentist[s], or nurse[s] in the Veterans Health Administration (VHA) of the Department of Veterans Affairs (DVA)" in positions listed in amended attachment A to the complaint. Attachment 1.

2. Plaintiffs alleged that they were regularly scheduled to work on Saturdays, and therefore, entitled to receive "additional pay" pursuant to 38 U.S.C. § 7453 or 7454 when performing such work. Plaintiffs complained that they were entitled to receive, but did not receive, such "additional pay" when they were regularly scheduled to work on Saturdays but did not work because they were on authorized paid leave.

1

3.   On December 30, 2013, plaintiffs in the *Garcia* case, Fed. Cl. No. 13-1024, filed their initial "Class Action Complaint for Money Damages."   The proposed class consists of a specific list of employees of the VA (excluding "physician[s], dentist[s], or nurse[s] in the Veterans Health Administration (VHA) of the Department of Veterans Affairs (DVA)") in positions listed in amended attachment A to the complaint.   Attachment 2.

4.   Plaintiffs in the *Garci*a case alleged that they were regularly scheduled to work at nights or on Saturdays or both, and therefore, entitled to receive "additional pay" pursuant to 38 U.S.C. § 7453 or 7454 when performing such work.   Plaintiffs asserted that they were entitled to receive, but complained that they did not receive, such "additional pay" when they were regularly scheduled to work at night or on Saturdays or both, but did not work because they were on authorized paid leave.

5.   On December 15, 2014, this Court certified an opt-in class in the *DeMons* case, and on April 9, 2015, the Court certified an opt-in class in the *Garcia* case.

6.   On December 1, 2015, this Court granted a joint motion for a protective order in both the *DeMons* and *Garcia* cases.

7.   On February 19, 2016, this Court granted a joint motion to consolidate the *Garcia* case, No. 13-1024, with the *DeMons* case, No. 13-779.   On May 20, 2016, the Court re-certified an opt-in class in the consolidated case for two sub-classes, one for each of the classes previously certified, (collectively, "the classes"), and approved an amended notice to the classes.

8.   To identify potential members of the classes (Potential Class Members), defendant produced a list of 21,990 employees or former employees of the Department of Veterans Affairs (DVA) employed during the relevant period and an estimate of the retroactive back pay that may not have been paid to such individuals for the period of July 1, 2012, to February 28, 2016.   The

2

list of the Potential Class Members was provided by defendant to the Court-appointed class action administrator, "Epiq Class Actions & Mass Torts Solutions."

9.  The Court-appointed class action administrator mailed Official Notices approved by the Court to the 21,990 Potential Class Members.  Thereafter, ten thousand one hundred ninety (10,190) individuals (including estates of deceased individuals) of the Potential Class Members filed their opt-in claim on or before September 15, 2016 (including those claim forms postmarked accordingly), which was the time and date ordered by the Court for those potential class members to file a timely claim for back pay and interest with the class action administrator. The time to file a timely claim has expired.

10.  The parties agree that only those 10,190 individuals (and estates) who timely filed claims with the class action administrator are class members (the Class Members).

11.  Plaintiffs and the United States have entered into discussions to attempt to resolve all claims contained in the complaints of the *DeMons* case and the *Garcia* case for back pay and interest with respect to the Class Members.

12.  As a result of these discussions, plaintiffs have offered to settle all claims of the Class Members in exchange for payment by the United States of $6,568,366.51, inclusive of all damages, interest, attorney fees and expenses, and fees and expenses of the Administrator (the Settlement Amount).  The Settlement Amount consists of the following: $5,214,723.63 in back pay; $491,533.32 in interest; $279,136.56 in attorney fees and expenses; and $582,973.00 for the employer's contribution of employment related taxes.

13.  Upon satisfaction of the terms set forth in paragraph 12, plaintiffs release, waive, and abandon all claims against the United States, its political subdivisions, its officers, agents, and employees, arising out of the complaint or otherwise involved in this case, regardless of whether

they were included in the complaint, including but not limited to any claims for costs, expenses, attorney fees, and damages of any sort.

<u>Disbursement of the Settlement Amount</u>

14. This settlement agreement applies only to the Class Members. The parties agree that this settlement agreement does not apply to persons, or their heirs, who returned opt-in claim forms to the class action administrator but who were not pre-identified as potential class members by the VA and who were not mailed an Official Notice by the class action administrator, or who were not employed during all or part of the period from July 1, 2012, to and including, February 28, 2016, in any of the job classifications enumerated in the class description certified by the Court, or who did not perform work at night or on Saturdays during such designated class period.

15. The class action administrator will establish a Settlement Trust, designated the "DeMons Class Qualified Settlement Trust" (Settlement Trust) to disburse the proceeds of the settlement. The administration and maintenance of the Settlement Trust will be the sole responsibility of the class action administrator.

16. Pending approval by the Court, as described in the "Fairness Hearing" portion of this agreement, the United States will pay the Settlement Amount, $6,568,366.51, to the Settlement Trust within 30 days of the Court's order granting final approval of the settlement. Within 15 days of receipt of this amount, the class action administrator will pay from the Settlement Trust any of its fees or costs approved by the Court and will create a "Reserve Fund" of an amount approved by the Court to pay any additional fees and expenses incurred by the Administrator, any attorney fees and costs awarded to class counsel, and any other reasonable settlement-related costs. The funds remaining after these payments comprise the Net Settlement Fund. The parties

4

agree that, unless otherwise specified herein, the United States' obligations and duties to plaintiffs and to the Class Members under this agreement will be fully satisfied upon payment by the United States of the Settlement Amount to the Settlement Trust.  The United States makes no warranties, representations, or guarantees concerning any disbursements the Settlement Trust makes, or fails to make, to any potential claimants.

17.  All attorney fees and expenses of plaintiffs' counsel, charges of the class action administrator, and costs of providing notice and processing claims will be paid from the Settlement Trust, and the remaining amount will be the Net Settlement Fund.  All payments to Class Members will be paid from the Net Settlement Fund.  The class action administrator is solely responsible for payment of any applicable taxes, including all Federal, state, and local taxes, owed as a result of the disbursement of the settlement proceeds.

18.  The class action administrator will make no payments to Class Members whose damages are less than $10.

19.  Except for Class Members whose damages are less than $10, if there are sufficient funds in the Net Settlement Fund, the class action administrator will pay Class Members 100 percent of their estimated retroactive back pay, as calculated by defendant and set forth in the list referred to in paragraph 8 of this agreement.  If the Net Settlement Fund is incapable of paying 100 percent of estimated retroactive back pay, class members shall be paid on a *pro rata* basis.

20.  The class action administrator will make payments in the form of a check from the Net Settlement Fund, mailed to the last known address of each class member.  If a Class Member's settlement check is returned as undeliverable, the class action administrator shall

5

make a reasonable attempt to locate a mailing address for that Class Member and re-mail the check once, but only if the check is returned within 90 days of the date it was mailed.

21.  In the event the class action administrator is unable to locate a valid mailing address, after undertaking the efforts discussed in paragraph 20, the amount represented by that check shall revert to the Net Settlement Fund.  In the event a Class Member loses, destroys, or is unable to take possession of a settlement check, the class action administrator will void the original check and then reissue a new check to the Class Member, but only if a request to reissue the check is made by the Class Member within 90 days of the issuance of the original check.  Any such request must be sent by mail to the class action administrator.

22.  If any settlement payment check remains uncashed 90 days after issuance, that check shall be void, and the amounts represented by that uncashed check shall revert to the Net Settlement Fund.

23.  After paying all approved claims and all items listed in paragraph 12, the class action administrator shall return any amount that remains in the Qualified Settlement Trust to United States, with a cover letter attaching this settlement agreement and identifying the amount returned pursuant to this paragraph.  The letter and any returned proceeds shall be addressed to: Department of Justice, Civil Division, Attn: Director, National Courts Section, P.O. Box 480, Ben Franklin Station, Washington, D.C.  20044.

<u>Payment Of Taxes</u>

24.  In accordance with Federal, state and local tax laws, the class action administrator shall calculate the amount to be withheld from each claimant's individual settlement payment, as required by applicable legal requirements.  The class action administrator shall timely remit such withheld funds, plus any employer's contributions for Social Security and Medicare, Federal and

state unemployment taxes, and other employer-side payroll taxes, to the appropriate Federal, state, and local authorities and shall report such withholdings and remissions to the appropriate authorities as required by law (*e.g.* Form W-2).   The class action administrator shall timely provide each class member it pays, with the appropriate documentation of the submissions and remissions.

25.  If Class Members have any disagreements or concerns regarding the calculation and withholding of taxes, the Class Members shall resolve these concerns with the class action administrator.  Except as otherwise specified in this agreement, the United States will have no role or obligation in calculating, withholding, or confirming the applicable taxes for each class member.

26.  Portions of any individual Settlement Award **not** subject to withholding will be issued with the appropriate tax form (*e.g.,* IRS Form 1099).  Class Members shall be responsible for remitting to state and Federal taxing authorities any taxes due other than the amounts withheld from their wages and the amount of the employer's contribution.  Class Members shall hold the defendant, class counsel and the class action administrator harmless and shall indemnify the defendant, class counsel and the class action administrator for any liabilities, costs and expenses, including attorney fees, assessed or caused by any such taxing authority relating in any way to any taxes due, other than the amounts withheld from their wages and the amount of the employer's contribution.

<u>Fairness Hearing</u>

27.  As soon as possible and in no event later than 10 business days after the execution of this agreement, class counsel shall submit to the Court a motion for approval of the settlement contemplated by this agreement.  The motion shall include (a) the proposed form of the order

approving this agreement, and (b) the proposed forms of notice of the settlement to members of the class by mail, email, or by the Internet.  The parties shall request that a decision on the proposed forms of notice of the settlement be made promptly on the papers and that a "Fairness Hearing" on the motion for approval of the settlement be held at the earliest date available to the Court.

28.  With the Court's permission pursuant to RCFC 54 (d)(2)(B)(i), the motion by class counsel for an award of attorney fees and expenses may be submitted to the Court for determination at the fairness hearing, and the notice of this settlement to members of the class shall include a description of the motion for an award of attorney fees and expenses.

29.  Within three days of the Court's proposed notice to the class members of the terms of this settlement, the class action administrator shall notify all class members by the Internet of the terms of this settlement, the procedures for allocating and distributing funds paid pursuant to this settlement, the date upon which the Court will hold a "Fairness Hearing" pursuant to RCFC 23(e), and the date by which class members must file their written objection, if any, to the settlement.

30.  With the Court's permission pursuant to RCFC 54 (d)(2)(B)(i), class counsel, Ira Lechner, will file a motion for an award of attorney fees and expenses in advance of the "Fairness Hearing" so that the motion may be considered during the Fairness Hearing.  Notice to class members of the terms of this settlement shall include a description of the motion for an award of attorney fees and expenses and notice of the right of any class member to object to plaintiffs' counsel's motion for attorney fees.

31.  Class counsel shall apply for any award of contingent attorney fees pursuant to RCFC 23(h), in an amount no greater than thirty percent of the back pay and interest portion of

the settlement agreement to be paid by the United States to the Settlement Trust less a credit for

the amount $279,136.56 (the amount of attorney fees to be paid to the Settlement Trust by the

United States).  Defendant agrees that it will not oppose plaintiffs' motion for an award of

attorney fees if such application is for an award of attorney fees no greater than thirty percent of

the back pay and interest to be paid by the United States to the Settlement Trust.

32.  Any class member may express to the Court his or her views in support of, or in

opposition to, the fairness, reasonableness, and adequacy of the proposed settlement or of

plaintiffs' counsel's motion for attorney fees.  If a class member objects to the settlement, such

objection will be considered only if received no later than 14 days following the date of the

Order which designates the date of the "Fairness Hearing."  The objection shall be filed with the

Court, with copies provided to class counsel and defendant's counsel, and the objection must

include a signed, sworn statement that (a) identifies the case name and number, (b) describes the

basis for the objection, including all citations to legal authority and evidence supporting the

objection,  (c) contains the objector's name, address, and telephone number, and if represented

by counsel, the name, address, email address, and phone number of counsel, (d) indicates

whether the objector has filed a claim form and opted in to the case, and (e) indicates whether the

objector intends to appear at the fairness hearing.

33.  Class counsel and defendant's counsel may respond to any objection within 14 days

after receipt of the objection.

34.  Any Class Members who submit a timely objection to the proposed settlement or to

plaintiffs' counsel's motion for attorney fees pursuant to paragraph 30 may appear in person or

through counsel at the fairness hearing and be heard to the extent allowed by the Court.  Any

Class Members who do not make and serve written objections in the manner provided in

paragraph 32 shall be deemed to have waived such objections and shall forever be foreclosed from making any objections (by appeal or otherwise) to the proposed settlement.

35.   After the deadline for filing objections and the responses to objections has lapsed, the Court will hold a "Fairness Hearing" at which it will consider final approval of this Settlement Agreement and plaintiffs' motion for attorney fees.  In addition, the Court will consider any timely and properly submitted objections made by Class members to the proposed settlement or to plaintiffs' counsel's motion for attorney fees.  The Court will decide whether to approve the settlement, an award of attorney fees and expenses, and any award of reasonable charges and expenses to be paid to the class action administrator.  The parties shall request that the Court schedule a "Fairness Hearing" no later than 45 days from the date of the Order setting a the date for the "Fairness Hearing."

36.   If this settlement is not approved by the Court in its entirety, this settlement agreement will be void and of no force and effect whatsoever and plaintiffs' counsel's request for attorney fees will be withdrawn.

<u>Wrap-up Of Qualified Settlement Trust And Conclusion Of The Case</u>

37.   Within 180 days of the date upon which the class action administrator mails the last settlement check, including any replacement checks, the class action administrator will provide the parties, through the parties' attorneys of record in this matter, with a full and final written accounting of all payments made from the Settlement Trust, including any funds returned to the United States.  Within fifteen days of the date that accounting is sent to the parties, the parties will confer to determine whether they are satisfied with the accounting.  If not, they will attempt in good faith to resolve any dissatisfaction with the class action administrator.  If either party is

not satisfied after such good faith efforts, either party may petition the Court to resolve the matter.

38. Promptly after the parties agree that they are satisfied or promptly after the Court resolves any dissatisfaction, Class Counsel agrees to stipulate jointly with defendant to the dismissal of this case with prejudice.

<u>Miscellaneous Terms</u>

39. This settlement agreement is for the purpose of settling this case, and for no other purpose. Accordingly, this settlement agreement shall not bind the parties, nor shall it be cited or otherwise referred to in any proceedings, whether judicial or administrative in nature, in which the parties or counsel for the parties have or may acquire an interest, except as is necessary to effect the terms of this agreement.

40. This settlement agreement sets forth the entire agreement of the parties with respect to the subject matter hereof as to all Class Members. No modification or addition to this agreement or waiver of any right herein will be effective unless it is approved in writing by counsel for the parties and by the Court. The parties agree that each fully participated in the drafting of this settlement agreement.

41. In the event that a party believes that the other party has failed to perform an obligation required by this settlement agreement or has violated the terms of the settlement agreement, the party who believes such a failure has occurred must so notify the other party in writing and afford it 45 days to cure the breach, prior to initiating any legal action to enforce this settlement agreement or any of its provisions.

42.  The parties agree to cooperate fully with each other and the class action administrator to effectuate this settlement and to resolve any matters that may arise with respect to effectuation or interpretation of the settlement that are not expressly resolved by this settlement agreement.

43.  Plaintiffs' counsel represents that they have been and are authorized to enter into the agreement on behalf of plaintiffs.

44.  This document constitutes a complete integration of the agreement between the parties and supersedes any and all prior oral or written representations, understandings or agreements among or between them.

AGREED TO:

s/Ira M. Lechner
IRA M. LECHNER
Plaintiffs' Counsel/Class Counsel
1127 Connecticut Ave., NW, Ste. 106
Washington, D.C. 20036
(858) 864-2258
iralechner@yahoo.com
Attorney for Plaintiffs

Date: _____

CHAD A. READLER
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

s/Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

s/Hillary A. Stern
HILLARY A. STERN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division

12

Department of Justice
P.O. Box 480
Ben Franklin Sta.
Washington, D.C.  20044
Tele: (202) 616-0177
Facsimile: (202) 305-7643
Attorneys for Defendant

Date: _____